IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS RAMIREZ                                            PETITIONER

v.                                                  CIVIL ACTION NO. 3:25-cv-483-KHJ-MTP

WARDEN CHILDRESS                                RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Luis Ramirez's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for Ramirez's failure to exhaust administrative remedies prior to filing the Petition.

## BACKGROUND

On July 22, 2016, Ramirez was sentenced in the United States District for the Middle District of Florida to a 168-month term of imprisonment for possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. *See* [8-2] at 2. On July 2, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Rameriz filed the instant Petition [1] under 28 U.S.C. § 2241 arguing that he has earned First Step Act time credit,[1] which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence.

On January 27, 2026, Respondent filed a Response [8] arguing, *inter alia*, that the Petition should be dismissed because Ramirez failed to exhaust his administrative remedies prior to filing this action. Ramirez filed a Reply [9] on February 4, 2026.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [8-1] at 2.

Respondent asserts that Ramirez did not initiate the administrative remedies process, much less exhaust the process. For his part, Ramirez argues that an attempt to exhaust would be futile. He asserts that there is an "Anti-Immigrant atmosphere" at FCC Yazoo City and that "timing and extreme difficulty renders" exhaustion "practically impossible." *See* [1] at 4. He explains that informal resolution is delayed and that when inmates file a formal request for administrative remedies, the warden responds that the inmates failed to attempt informal resolution. *Id*. Additionally, Ramirez asserts that BOP officials have withheld administrative remedies and "continually untimely respond" to requests for administrative remedies. *See* [9] at 3. Finally, he alleges that the Director of BOP issued a memorandum directing BOP staff to "expand" the First Step Act and argues that this memorandum shows that exhaustion would be futile. *Id*.

Ramirez bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62. Here, Ramirez raises general allegations about what ordinarily occurs at the prison concerning administrative remedies but does not explain what efforts, if any, *he* made to exhaust administrative remedies. Indeed, Respondent provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that Ramirez did not file any formal requests concerning his earned credits. *See* [8-1] at 2.

Moreover, the fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

Furthermore, "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Turning to the alleged BOP Director's memorandum, if such a memorandum exists, it would undermine Ramirez's argument that exhaustion is futile. According to Ramirez, the BOP Director has specifically directed staff to expand the awarding of First Step Act credit.

Because Ramirez cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

The record shows that Ramirez did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

4

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of February, 2026.

s/ Michael T. Parker<br>United States Magistrate Judge